IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sean Branham, Anna Eagan, Sadie Hartman, Beverly Heisner, Corine Jeffreys, Alexander McArver, Susan McArver, Belva McCormick, Joseph Morris, Sinclair Salters, Diana Woodward, Gerard Fenzel, Kelly Fenzel, Carl Steen, Patrick Johnson, Jeffrey Lucero, as personal representative for the estate of Sherry Kjellberg, Lionel Zylicz, and Shandon Crossing Limited Partnership, <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Civil Action No. 3:16-cv-03072-JMC <br><br><br><br><br><br> **ORDER** |

Plaintiffs[1] above-named collectively filed this action alleging claims for negligence, trespass, and nuisance against Defendant United States of America (the "Government") for the destruction caused to Plaintiffs' homes by flood water released when the Semmes Lake Dam at Fort Jackson was breached in October 2015. (ECF No. 15.)

This matter is before the court on the Government's unopposed Motion for Summary Judgment against All Pro Se Plaintiffs pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 54.) In support of its Motion, the Government asserts that "[b]ecause the pro se Plaintiffs require expert testimony in order to prove that any negligence related to the maintenance of the Fort Jackson dams caused their damages, and no expert testimony supports that conclusion, those Plaintiffs cannot establish negligence as a matter of law, and summary judgment must be entered in favor of Defendant." (ECF No. 54-1 at 3.) The Government further

---

[1] After the filing of a Stipulation of Dismissal with Prejudice (ECF No. 34), the remaining Plaintiff in this action is Carl Steen. Mr. Steen is pro se.

1

asserts that in contrast to its expert, Mark Woodbury, who is able to show "water levels at individual properties and the amount of water each property would have received if the spillway capacity of the Semmes Lake dam had been increased" (*id.* at 7), "[n]o pro se Plaintiff has provided an expert report or expert disclosure to Defendant's counsel and . . . have all failed to timely identify expert testimony supporting causation." (*Id.*) Plaintiff Steen did not file a response to the Government's Motion for Summary Judgment.

Upon review, the court observes that, to survive summary judgment, Plaintiff Steen's claims for negligence, trespass, and nuisance require evidence demonstrating that the Government's actions proximately caused their injuries. *E.g.*, *Bishop v. S.C. Dep't of Mental Health*, 502 S.E.2d 78, 82 (S.C. 1998) ("To establish a cause of action in negligence, three essential elements must be proven: (1) duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty.") (citing *Rickborn v. Liberty Life Ins. Co.*, 468 S.E.2d 292 (S.C. 1996)); *Snow v. City of Columbia*, 409 S.E.2d 797, 802 (S.C. Ct. App. 1991) ("To constitute an actionable trespass, however, there must be an affirmative act, the invasion of the land must be intentional, and the harm caused must be the direct result of that invasion.") (citation omitted); *Home Sales, Inc. v. City of N. Myrtle Beach*, 382 S.E.2d 463, 469 (S.C. Ct. App. 1989) ("In order to constitute an actionable nuisance, a wrongful act of the defendant must be shown and the maintenance of the nuisance must be the natural and proximate cause of the injury suffered by the plaintiff."). The court further observes that the record does not contain any admissible evidence that the Government proximately caused the flooding which damaged Plaintiff Steen's property in October 2015. In this regard, the court agrees with the Government that Plaintiff Steen's failure to submit his own expert testimony is catastrophic to his ability to prove causation as to his

pending claims. Therefore, upon consideration of the entire record and the unopposed arguments of the Government, the court hereby **GRANTS** the United States of America's Motion for Summary Judgment. (ECF No. 54.)

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 5, 2018
Columbia, South Carolina